06-1746-cv
McInerney v. Rensselaer Polytechnic Inst.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

--------

August Term, 2007

(Argued: September 27, 2007          Decided: October 15, 2007)

Docket No. 06-1746-cv

------------------------------------------------------------X

JOSEPH P. McINERNEY,

　　　　　　Plaintiff-Appellant,

　　　　- v. -

RENSSELAER POLYTECHNIC INSTITUTE;
THE MECHANICAL AERONAUTICAL NUCLEAR
ENGINEERING DEPARTMENT OF RENSSELAER
POLYTECHNIC INSTITUTE (MANE);
MANE DEPARTMENT CHAIRMAN JOHN TICHY;
MANE GRADUATE COORDINATOR ANTOINETTE
MANIATTY; MANE PROFESSOR LEIK MYRABO;
MANE PROFESSOR KENNETH JANSEN,

　　　　　　Defendants-Appellees,[*]

------------------------------------------------------------X

Before:   McLAUGHLIN, RAGGI, Circuit Judges, and RAKOFF, DISTRICT
          JUDGE.[**]

---

[*] The Clerk of the Court is directed to amend the official
caption as set forth above.

[**] The Honorable Jed S. Rakoff of the United States District
Court for the Southern District of New York, sitting by
designation.

Plaintiff appeals from the dismissal of his complaint by the United States District Court for the Northern District of New York (Hurd, J.) for failure to exhaust administrative remedies.

VACATED AND REMANDED.

JOSEPH P. McINERNEY, Lowell, Massachusetts, pro se, Plaintiff-Appellant.

MICHAEL E. GINSBERG, Pattison, Sampson, Ginsberg & Griffin, P.C., Troy, New York, for Defendants-Appellees.

PER CURIAM:

Joseph P. McInerney appeals from the dismissal of his complaint by the United States District Court for the Northern District of New York (Hurd, J.) for failure to exhaust administrative remedies. Because the district court erred in concluding that McInerney had an obligation to present his claims under Titles III and V of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., to the Equal Employment Opportunity Commission ("EEOC") prior to suit, we VACATE the district court's judgment of dismissal and REMAND.

**BACKGROUND**

Joseph P. McInerney, pro se, who suffers from brain damage and related symptoms as a result of a bacterial brain abscess, is a Ph.D. candidate in the Mechanical Aeronautical Nuclear Engineering ("MANE") program at Rensselaer Polytechnic Institute

2

("RPI"). He alleges that RPI and various professors and administrators in the MANE program (collectively, "Defendants") failed to accommodate his disability and unlawfully retaliated against him.

McInerney alleges that Professor Leik Myrabo, who was McInerney's thesis advisor, hired him as a research assistant in August 2001. Although McInerney says that Myrabo promised several times to pay McInerney for his research assistance, Myrabo revealed in April 2002 that he was unable to compensate McInerney even though he paid other graduate students who performed research for him. Myrabo proposed an alternative job for McInerney in California with one of his former students. McInerney turned it down, however, because his poor health would not allow him to travel so far. He alleges that Myrabo retaliated by, among other things, delaying a letter of recommendation and approval of a scholarship application.

Because of his difficulties with Professor Myrabo, McInerney asked the MANE department to assign him a different thesis advisor. The MANE department assigned Professor Kenneth Jansen, but told McInerney that Jansen would not be responsible for funding McInerney's research. According to McInerney, Jansen financially assisted other graduate students whom he advised.

In April 2003, McInerney failed his doctoral candidacy exam because, he alleges, he was fatigued from his illness and was

asked "ill posed and unreasonable questions." When McInerney explained this to John Tichy, chairman of the MANE department, and asked him to speak with the professors who administered the exam, Tichy allegedly told McInerney to stop using his disability as an excuse.

McInerney claims that he was denied further accommodations between September 2003 and June 2004 when Professor Jansen refused to provide McInerney with extra research assistance or help McInerney find a tutor. In August 2004, the MANE department also rejected McInerney's request to be assigned another thesis advisor.

In October 2005, McInerney brought this action, alleging violations of Titles III and V of the ADA and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. On March 24, 2006, the district court dismissed the complaint in its entirety for lack of jurisdiction because McInerney failed to exhaust his claims with the EEOC or an appropriate state or local agency prior to suit.

McInerney now appeals.

## DISCUSSION

Although the district court suggested it lacked jurisdiction over the case, its dismissal for failure to exhaust administrative remedies is more properly characterized as a dismissal for failure to state a claim pursuant to Federal Rule

4

of Civil Procedure 12(b)(6).  See <u>Fernandez v. Chertoff</u>, 471 F.3d 45, 58 (2d Cir. 2006).  "We review a district court's dismissal of a complaint pursuant to [Rule 12(b)(6)] de novo, accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor."  <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007).  The need to draw all inferences in the plaintiff's favor has heightened application when the plaintiff is proceeding <u>pro</u> <u>se</u>.  See <u>Bertin v. United States</u>, 478 F.3d 489, 491 (2d Cir. 2007).

Applying these standards, we agree with McInerney that the district court erred in dismissing his complaint.  His ADA claims did not require administrative exhaustion.

Whether an ADA claim must first be presented to an administrative agency depends on which precise title of the ADA the claim invokes.  Title I prohibits employers from discriminating against disabled employees, <u>see</u> 42 U.S.C. § 12112(a), while Title III forbids discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation," <u>id.</u> § 12182(a).  RPI, as a "postgraduate private school," is doubtless a place of public accommodation.  <u>See</u> <u>id.</u> § 12181(7)(J).  Title V proscribes retaliation because of a person's opposition to any act or practice that the ADA prohibits.  <u>See</u> <u>id.</u> § 12203(a).

5

ADA Title I incorporates various provisions from Title VII of the landmark Civil Rights Act of 1964.  See id. § 12117(a) (incorporating "[t]he powers, remedies, and procedures set forth in [42 U.S.C.] sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9").  One of these provisions, section 2000e-5, requires a claimant to file a charge of employment discrimination with the EEOC within 180 days after the discriminatory act.  See id. § 2000e-5(e)(1).  This administrative-exhaustion provision, however, is not found in ADA Title III.  Instead, ADA Title III incorporates only § 2000a-3(a), see id. § 12188(a)(1), providing for injunctive relief against certain discriminatory acts, see id. § 2000a-3(a).  Title V retaliation claims in the employment context require the same procedures as those under Title I, while retaliation claims relating to public accommodations follow Title III procedures.  See id. § 12203(c).  Thus, if Title III does not require administrative exhaustion, Title V claims predicated on asserting one's rights under Title III require no exhaustion either.

The language and structure of the ADA demonstrate that Title III, unlike Title I, does not require administrative exhaustion. "[I]t is a general principle of statutory construction that when Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is . . . presumed that Congress acts intentionally and purposefuly . . .

6

."  Barnhart v. Sigmon Coal Co., 534 U.S. 438, 452 (2002) (internal quotation marks omitted).  There is good reason to conclude that Congress intentionally omitted the exhaustion requirement for public-accommodations claims, as it would make little sense to require a plaintiff challenging discrimination in public accommodations to file a charge with the EEOC, an agency with responsibility for and expertise in matters of employment discrimination.  See 42 U.S.C. §§ 2000e-5(a)-(b).  Accordingly, we hold that there is no administrative-exhaustion requirement for ADA Title III claims or Title V claims predicated on asserting one's rights under Title III.

In defending the judgment of dismissal, Defendants argue that McInerney's allegations concerning his work as a research assistant arise under Title I.  However, we need not resolve whether such work qualifies as "employment" for purposes of the ADA—a question not addressed by the district court—because the complaint contains ample Title III-based allegations.  For example, McInerney alleges that Defendants failed: (1) to appoint him an adequate thesis advisor, (2) to assist him with funding for his research as they did for other students, (3) to provide extra instruction or a tutor, and (4) to accommodate his disability at or after his doctoral candidacy exam.  The district court therefore erred by dismissing McInerney's ADA claims for failure to exhaust administrative remedies.

7

Finally, McInerney's brief on appeal challenges only the dismissal of his ADA claims, making no mention of his claims under Section 504 of the Rehabilitation Act of 1973. Accordingly, we treat any possible challenge to the dismissal of the latter claims as waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

**CONCLUSION**

For the foregoing reasons, we VACATE the judgment of dismissal and REMAND the case to the district court with instructions to reinstate the complaint, limited to McInerney's ADA claims. The parties' motions to accept and to strike McInerney's supplemental exhibits are DENIED as moot.