**Benjamin Ifeanyi OBIANWU,**
**Petitioner,**

v.

**ATTORNEY GENERAL,**
**USA, Respondent.**

**No. 07–0415–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 26, 2008.

Benjamin Ifeanyi Obianwu, pro se, Tobyhanna, PA, for Petitioner.

Rebecca A. Niburg, Trial Attorney (Richard Evans, Assistant Director; Peter D. Keisler, Assistant Attorney General Civil Division on the brief), Office of Immigration Litigation, Civil Division, U.S. Dep't of Justice, Washington, DC, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Benjamin Ifeanyi Obianwu, *pro se*, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen. We presume the parties' familiarity with the facts, procedural history, and issues on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34. In reviewing the denial of a motion to reopen, this Court may review only the denial of the motion and is precluded from reviewing the merits of the petitioner's underlying claims. *See Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 199 (2d Cir.2007). Accordingly, this Court is precluded from considering Obianwu's claims regarding the IJ's denial of his application for adjustment of status. *Id.*

■ As an initial matter, Obianwu fails to raise on appeal, either in his petition for review or his appellate brief, any claims regarding the ineffective assistance of counsel Steven Morley; accordingly, those claims are deemed waived. *See McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 139 (2d Cir.2007). Although Obianwu does not brief his claims regarding counsel Michael Berger's alleged ineffective assistance, he does refer to those claims in his petition for review. Because Obianwu is proceeding *pro se*, his filings should be construed liberally. *See Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005). Therefore, Obianwu's claims regarding Berger's ineffective assistance are properly before us for review.

■ Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen his case, but must generally do so within 90 days of the entry of the final decision in the underlying proceeding. However, the 90–day filing deadline may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. *See Zhao v. INS*, 452 F.3d 154 (2d Cir. 2006). An individual seeking to toll the filing of a motion to reopen is required to show that he exercised "due diligence in pursuing the case during the period he seeks to toll." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006); *Iavorski v. I.N.S.*, 232 F.3d 124, 134–35 (2d Cir.2000). Here, there is no dispute that Obianwu's November 2006 motion to reopen was untimely as the BIA issued its decision dismissing his appeal in September 2005.

The BIA properly found that Obianwu failed to show that he had exercised due diligence with respect to his claim that Berger rendered ineffective assistance of counsel. Obianwu seeks to toll the period between the BIA's September 2005 decision and his filing of a motion to reopen in November 2006. This Court has clarified that "there is no magic period of time—no *per se* rule—for equitable tolling premised on ineffective assistance of counsel." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007). Rather, this Court has found:

> [T]he nature of the analysis in each case is a two-step inquiry that first evaluates the reasonableness under the circumstances—namely, whether and when the ineffective assistance was, or should have been, discovered by a reasonable person in the situation. Then, petitioner bears the burden of proving that he has exercised due diligence in the period between discovering the ineffectiveness

of his representation and filing the motion to reopen.

*Id.* (internal quotations omitted).

At the very latest, a reasonable person should have discovered Berger's alleged ineffective assistance in December 2005, when Obianwu alleges that he was detained by DHS. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006) (Petitioners "should have been aware that they were denied effective assistance of counsel ... when they received notice that their [Temporary Protected Status] had expired. ..."). Accordingly, Obianwu's claim for ineffective assistance of counsel accrued at that time.

Although Obianwu alleges that he then retained Morley in December 2005, he does not allege that he contacted Morley about Berger's alleged ineffective assistance or instructed Morley to move on that basis. Obianwu alleges that while Morley was difficult to contact, he spoke to him six or seven times but fails to allege that he raised the issue of Berger's alleged ineffective assistance on any of those occasions. Furthermore, once hired, Morley did not pursue the ineffective assistance claim. Rather than filing a motion to reopen on that basis, he timely filed a petition for review of Obianwu's motion for reconsideration. *See Zhao v. INS,* 452 F.3d 154, 160 (2d Cir.2006). Thus, the record does not establish that Obianwu acted with the required due diligence in respect to his claim of ineffective assistance of counsel. *See Cekic,* 435 F.3d at 172 (petitioners' failure to take any actions to vindicate their rights showed a lack of due diligence). Consequently, Obianwu has not shown that he is entitled to toll the period between the accrual of his ineffective assistance claim and the filing of his motion to reopen.

Accordingly, the motion to reopen was properly denied. *See id.*

We have considered the remainder of Obianwu's contentions and find them to be without merit.

Therefore, the petition for review is DENIED and the BIA's order is AFFIRMED.