SUMMARY ORDER
In this pro se employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, plaintiff-appellant Gene DiProjetto appeals from a judgment granting defendant-appellee Morris Protective Service’s motion to dismiss for failure to state a claim and sua sponte dismissing DiProjetto’s claims against defendant-ap *688 pellee Perry Wheeler as frivolous and for failure to state a claim. We assume the parties’ familiarity with the factual background, procedural history and issues raised in this appeal. For the reasons that follow, we affirm the district court’s grant of the motion to dismiss the complaint and its sua sponte dismissal of the amended complaint against Wheeler.
We review de novo the district court’s decision, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint for failure to state a claim. We accept all-well pleaded facts as true, considering them in the light most favorable to the plaintiff, mindful that the “need to draw all inferences in the plaintiffs favor has heightened application when the plaintiff is proceeding pro se.” McInerney v. Rensselaer Polytechnic Inst., 505 F.3d 135, 138 (2d Cir.2007). We review de novo the district court’s sua sponte dismissal of the complaint pursuant to 28 U.S.C. § 1915(e). Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir.2001).
The plaintiffs claims were properly dismissed for failure to state a claim. The plaintiffs charge filed with the Equal Employment Opportunity Commission (“EEOC”) was based on national origin discrimination only. He did not advance to the EEOC his race, gender and disability claims, and they were not administratively exhausted. Nor were they reasonably related to the allegations in the EEOC charge. See Williams v. New York City Hous. Auth., 458 F.3d 67, 70 (2d Cir.2006). Moreover, DiProjetto failed to allege in the district court proceedings any facts establishing circumstances giving rise to an inference of discrimination based on national origin. See Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir.2003). As for the claims against defendant Wheeler advanced in the amended complaint, the district court on its own motion and pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) properly dismissed them as frivolous and for failure to state a claim. Even when liberally construed, as it must be, the amended complaint fails to allege grounds for imposing liability on Wheeler. Additionally, individuals are not subject to liability under Title VII. See Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir.2000).
The judgment of the district court is AFFIRMED.