09-0942-cv
Cruz v. New York City Department of Education

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand ten.

PRESENT: JON O. NEWMAN,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges*.

---------------------------------------------------------------------------------

JOSEFINA CRUZ,

*Plaintiff-Appellant*,

DIANA HRISINKO, ANDREA SHAPIRO, DIANA LEE FRIEDLINE, ISMAEL DIAZ, ANTHONY FERRARO, ELAINE JACKSON, MIDGE MARONI, DAVID MCMULLEN, RAM NARINE, GERALDINE WHITTINGTON, GLORIA CHAVEZ, FITZROY KINGTON, ERICA WEINGAST,

*Plaintiffs*,

v.                                                                 No. 09-0942-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, GRAPHIC COMMUNICATION ARTS HIGH SCHOOL, JEROD RESNICK, DOMINIC CIPOLLONE, EDWARD DEMEO, JACQUELINE KENNEDY ONASSIS HIGH SCHOOL, M.S. 219, ERIC BRAND, JUDITH SILVERMAN,

*Defendants-Appellees*.

---------------------------------------------------------------------------------

APPEARING FOR APPELLANT:     JOSEFINA CRUZ, *pro se*, New York, New York.

APPEARING FOR APPELLEES:     KAREN M. GRIFFIN, Appeals Division, *for* Michael Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the October 15, 2008 judgment and January 5, 2009 order of the district court are AFFIRMED.

Plaintiff Josefina Cruz, a former New York City schoolteacher, appeals pro se from the district court's denial of her Fed. R. Civ. P. 60(b) motion for relief from a judgment in favor of defendants, following a jury trial, on her employment discrimination and retaliation claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and 42 U.S.C. § 1983. See Friedline v. N.Y. City Dep't of Educ., No. 06 Civ. 1836, 2009 WL 37828 (S.D.N.Y. Jan. 5, 2009). On appeal, Cruz renews two arguments raised in her Rule 60(b) motion: that the district court erred by (1) granting defendants' Fed. R. Civ. P. 50(a) motion for judgment as a matter of law with respect to certain of her age discrimination claims and (2) placing a time limit on the trial testimony of certain witnesses.[1] We review the denial of a Rule 60(b) motion for abuse of discretion, which exists only where the district court's ruling is based "on an erroneous view of the law or on a clearly erroneous

---

[1] Cruz also raises several arguments not presented in her Rule 60(b) motion, which are addressed infra at 4-5.

2

assessment of the evidence." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998) (internal quotation marks omitted). In applying this standard, we assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

### 1. The Rule 50 Award

A Rule 50 motion may be granted only if "no reasonable factfinder could return a verdict against the movant." Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999). Here, the undisputed trial evidence showed that another teacher, significantly younger than Cruz, was treated in an identical manner after failing to administer a portion of a Regents examination, i.e., the younger teacher received an unsatisfactory performance rating for 2006 and was transferred to the Regional Operations Center. We detect no abuse of discretion in the district court's conclusion that such evidence precluded a jury verdict in Cruz's favor on her age discrimination claims based on the 2006 performance rating and transfer that followed her own failure to administer a portion of a Regents exam. See Grady v. Affiliated Cent., Inc., 130 F.3d 553, 561 (2d Cir. 1997).

### 2. Limits on Witness Testimony

A trial court's discretion with respect to "the regulation of the course and scope of examination of witnesses" is "broad indeed." United States v. Local 1804-1, Int'l Longshoremen's Ass'n, 44 F.3d 1091, 1095 (2d Cir. 1995). Even an erroneous evidentiary ruling will warrant a new trial only where "a substantial right of a party is affected." Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007). Here, it was only after counsel made several inaccurate predictions about the length of time needed for examining witnesses and

3

prolonged examination with objectionable lines of inquiry that the district court imposed, without objection, a two-hour limit on certain witnesses' testimony. Nothing in the record indicates that this action hampered Cruz's ability to present her case, much less that it affected her substantial rights. Accordingly, we identify no abuse of discretion in the district court's refusal to grant Rule 60 relief on this ground.

       3.     <u>Additional Challenges to the Judgment</u>

Cruz raises several further challenges to the judgment that were not presented in her Rule 60(b) motion. Specifically, she challenges the district court's pretrial award of summary judgment for defendants on her disability claims and identifies purported errors in the district court's evidentiary rulings, conduct of trial, and jury charge. Because Cruz's notice of appeal references only the denial of her Rule 60(b) motion, and not the underlying judgment, these new arguments are not properly before us. See <u>New Phone Co. v. City of New York</u>, 498 F.3d 127, 130-31 (2d Cir. 2007); see also <u>Bowles v. Russell</u>, 551 U.S. 205, 213 (2007). While "a notice of appeal from denial of a motion to reconsider, filed within ten days of the order or judgment sought to be considered, suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made," <u>"R" Best Produce, Inc. v. DiSapio</u>, 540 F.3d 115, 121 (2d Cir. 2008), that is not the procedural posture of this case.

Even if we could liberally construe Cruz's notice of appeal to reach challenges to the original judgment not raised in the Rule 60(b) motion, see <u>Sahu v. Union Carbide Corp.</u>, 548 F.3d 59, 65-66 (2d Cir. 2008), we would not award her the relief sought. Cruz's disability claims were properly dismissed as unexhausted because she failed to raise them before the

4

Equal Employment Opportunity Commission ("EEOC"), see McInerney v. Rensselaer Polytechnic Inst., 505 F.3d 135, 138 (2d Cir. 2007), and they were not "reasonably related" to her claim of age discrimination, Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006) (internal quotation marks omitted). The other arguments Cruz raises were unpreserved in the district court and would warrant reversal only if we were to identify "fundamental error," which we do not. Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 795 (2d Cir. 2002) ("Fundamental error is more egregious than the 'plain' error that can excuse a procedural default in a criminal trial, and is so serious and flagrant that it goes to the very integrity of the [proceeding]." (internal quotation marks omitted)).

We have considered all of Cruz's remaining arguments on appeal and we conclude that they are without merit.[2] Accordingly, the judgment and order of the district court are AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Cruz's March 16, 2010 motion to amend the notice of appeal, filed more than fourteen months after the denial of her Rule 60(b) motion and seventeen months after the district court's entry of judgment, is denied as untimely. See Fed. R. App. P. 4(a)(1)(A) (requiring that notice of appeal be filed "with the district clerk within 30 days after the judgment or order appealed from is entered"). We likewise deny Cruz's motion to expand the record because Cruz has not demonstrated "extraordinary circumstances" warranting this court's consideration of material not presented to the trier of fact. See International Bus. Machs. Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975).