16-3098-cv
Elliot-Leach v. N.Y.C. Dep't of Educ.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand seventeen.

PRESENT: DENNIS JACOBS,
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
        Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

JANET ELLIOT-LEACH,
    Plaintiff-Appellant,

-v.-                                    16-3098-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
    Defendant-Appellee,

MICHELLE HERBOWY; DOES 1-10,
    Defendants.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Nkereuwem Umoh, Umoh Law Firm, PLLC, Brooklyn, NY.

1

**FOR APPELLEE:**                    Pamela Seider Dolgow (Tahirih M. Sadrieh on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Glasser, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Janet Elliot-Leach sued her former employer, the New York City Department of Education ("the Department"), alleging discrimination based on race, sex, age, disability, and national origin, as well as interference with her rights under the Family and Medical Leave Act ("FMLA"), and retaliation for her request to take such leave.[1] The United States District Court for the Eastern District of New York (Glasser, J.) dismissed her amended complaint on motion, determining (1) that the discrimination claims are barred because Elliot-Leach failed to exhaust administrative procedures, (2) that the FMLA interference claim fails because the amended complaint does not demonstrate that Elliot-Leach was entitled to the relevant benefits, and (3) that the FMLA retaliation claim fails for lack of retaliatory intent. The district court also denied Elliot-Leach's request to further amend the complaint as futile. We review those determinations de novo. See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008); Panther Partners Inc. v. Ikanos Commnc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

_____

[1] Elliot-Leach also brought claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Fair Labor Standards Act, and the New York State Labor Law, but has not addressed them on appeal. Those claims are deemed abandoned. Similarly, Elliot-Leach argues in a single sentence that claims against an individual defendant should not have been dismissed; that issue is also deemed abandoned for insufficient argument.

1. Elliot-Leach brought her discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Each of those statutes requires a plaintiff to file a timely charge with the Equal Employment Opportunity Commission ("EEOC") before bringing suit in federal court. See McPherson v. N.Y.C. Dep't of Educ., 457 F.3d 211, 213 (2d Cir. 2006) ("Under Title VII and the ADEA, a plaintiff can sue in federal court only after filing timely charges with the EEOC."); McInerney v. Rensselaer Polytechnic Inst., 505 F.3d 135, 138 (2d Cir. 2007) (same with ADA).

Neither the first amended complaint or the second alleges that Elliot-Leach filed a charge with the EEOC. Elliott-Leach's memorandum in opposition to the Department's motion to dismiss states that she filed an EEOC charge and received a charge number; that assertion is insufficient. The EEOC informed the Department that "EEOC numbers are assigned to both mere inquiries as well as actual charges, . . . so the existence of an EEOC number does not always indicate the existence of a charge. Many inquiries, even when assigned an EEOC number, never ripen into charges." J. App'x at 297. The EEOC further reported that "there is no charge filed by Ms. Elliot-Leach against the City of New York or its agencies, no charge file exists, and no 'right to sue' has been or will be issued based on any past, current, or pending matter brought by Ms. Elliot-Leach against the City of New York or its agencies." Id. In response to a separate inquiry by the Department, the EEOC stated "we have no record of a complaint actually filed with the Equal Employment Opportunity Commission (EEOC) for [Elliot-Leach's] matter." Id. at 98.

Accordingly, we affirm the district court's dismissal of Elliot-Leach's Title VII, ADEA, and ADA claims for failure to exhaust administrative procedures.

2. Elliot-Leach asserts that the Department interfered with her right to take FMLA leave. "[T]o prevail on a claim of interference with her FMLA rights, a plaintiff must establish [among other things] . . . that she was denied benefits to which she was entitled under the FMLA." Graziadio v. Culinary Inst. of Am., 817 F.3d 415, 424 (2d Cir. 2016).

3

The only allegations in the first amended complaint that could ground an FMLA interference claim are that Elliot-Leach's supervisor "knew of Plaintiff's [cancer diagnosis] and the reasons for her absen[ces] and did not sign an approval of *full* Family and Medical Leave Act (FMLA) [leave] when requested by Plaintiff." J. App'x at 53 (emphasis added). But the complaint does not allege facts demonstrating that Elliot-Leach was *eligible* for full FMLA leave at the time she requested it. The cancer diagnosis does not, by itself, indicate that she was entitled to full FMLA leave. "An employer may require that an employee's leave . . . due to the employee's own serious health condition . . . *be supported by a certification issued by the health care provider of the employee*." 29 C.F.R. § 825.305(a) (emphasis added). Elliot-Leach stated that her doctor initially declined to certify that she was entitled to full FMLA leave. Consequently, Elliot-Leach's first amended complaint does not allege that she was denied FMLA benefits to which she was entitled.

Elliot-Leach's proposed second amended complaint does not assist her. Although that complaint further alleges that Elliot-Leach's supervisor "refused to sign an approval of full [FMLA leave]" "on several occasions between November 13, 2013 and March 23, 2014," J. App'x at 208, those allegations do not cure the failure to allege entitlement to full FMLA leave at the time of the requests. Elliot-Leach's doctor had refused to certify her eligibility for full FMLA leave in November 2013, and Elliot-Leach alleges no facts indicating that she became eligible prior to the denial of her requests for full FMLA leave. Consequently, we affirm the district court's dismissal of Elliot-Leach's FMLA interference claim and its denial of her motion to amend.

3. Elliot-Leach asserts that the Department retaliated against her for requesting FMLA leave. "To establish a prima facie case of FMLA retaliation, a plaintiff must establish that (1) [she] exercised rights protected under the FMLA, (2) [she] was qualified for [her] position, (3) [she] suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." Donnelly v. Greenburgh Cent. Sch. Dist. No. 7, 691 F.3d 134, 147 (2d Cir. 2012) (quotation marks omitted) (quoting Potenza v. City of New York, 365 F.3d 165, 168 (2d Cir. 2004)).

4

Elliot-Leach's claim founders on the final element. The only facts alleged that could suggest retaliatory intent rely on temporal proximity: she alleges she asked for FMLA leave on November 13, 2013, and that she suffered an adverse employment action on July 30, 2014. "Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001). Because Elliot-Leach had been disciplined for work absences before she requested FMLA leave, and because she relies only on temporal proximity to suggest retaliatory intent, her retaliation claim fails.

4. Elliot-Leach contends the district court should have granted her leave to further amend. Elliot-Leach's proposed second amended complaint does not allege additional facts that save any of the claims discussed above. However, her second amended complaint sought to add claims under the New York State Human Rights Law and the New York City Human Rights Law. These claims, which were included in the initial complaint, were removed in the first amended complaint. She apparently did so because she thought the claims would be untimely if her termination date was July 30, 2014 (as she believed at the time of the first amended complaint). Elliot-Leach now understands that she was merely *demoted* on July 30, 2014, and was not terminated until October 27, 2014. She asserts that her new claims would be timely based on the October termination date.

She is incorrect. After her demotion, Elliot-Leach was placed in New York City's Absent Teacher Reserve program and told to report to a middle school. She did not show up and never communicated with the school. Pursuant to Department policy, Elliot-Leach was "deemed to have resigned" because she was "absent for 20 consecutive school days without notice." J. App'x at 236. The only reason Elliot-Leach advances for the timeliness of her new claims is her termination date in October. But she was terminated in October because of her own failure to report to duty or to notify the school that she would not be reporting. All actions taken by the Department that could conceivably ground her new claims occurred prior to her demotion in July 2014, and the claims are therefore time-barred. Accordingly, Elliot-Leach's proposed amendment is futile.

5

For the foregoing reasons, and finding no merit in Elliot-Leach's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK