22-1795
*Farag v. XYZ Two Way Radio Serv., Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-three.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

AHMED FARAG,

> *Plaintiff-Appellant*,

> v.                                                            No. 22-1795

XYZ TWO WAY RADIO SERVICE, INC.,
MOHAMED MOWAD, SANDY CHECK, JERRY
CHING HOR, AHMED MOHARREM, CHI YUEN
LO, SHENGWEI ZHANG, MOHAMED SALEM,
DINDYAL RAMPERSAUD,

> *Defendants-Appellees*.*

_____

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:                    Kevin K. Tung, Kevin Kerveng Tung, P.C., Flushing, NY.

For Defendants-Appellees:                Deana Davidian, Lisa C. Solbakken, Robert C. Angelillo, Thomas G. O'Brien, Arkin Solbakken LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric R. Komitee, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ahmed Farag appeals from the district court's dismissal of his complaint against XYZ Two Way Radio Service, Inc. ("XYZ") – a cooperative association of ground-transportation drivers – and several of its directors and shareholders (collectively, "Defendants"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and various state-law claims. [1]    Primarily, the complaint asserts that Defendants engaged in "an ongoing fraudulent scheme" by "wrongfully terminat[ing]" its employment contracts with certain XYZ drivers, which in turn forced the dismissed drivers to

---

[1] Although the action in the district court included other plaintiffs, Farag is the only plaintiff appealing from the district court's judgment dismissing the complaint.

sell their shares in the cooperative "at a diluted price." J. App'x at 96, 99, 103. The district court dismissed Farag's RICO claim for failure to state a claim and his state-law claims for abandonment – both with prejudice. On appeal, Farag contends that (1) he adequately pleaded his RICO claim, (2) he did not abandon the state-law claims, and (3) in any event, his RICO and state-law claims should not have been dismissed with prejudice. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), . . . accepting all factual allegations in the complaint as true[] and drawing all reasonable inferences in the plaintiff's favor." *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015). "We review for abuse of discretion a district court's decision whether dismissal of a complaint should be with prejudice." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013).

The district court properly dismissed Farag's RICO claim. To state a civil RICO violation, a plaintiff must plausibly allege that he was injured by "a pattern of racketeering activity" consisting of "at least two predicate [racketeering] acts." *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004) (alteration and internal quotation marks omitted) (citing 18 U.S.C. § 1961(5)). In

3

his complaint, Farag asserts that Defendants' predicate racketeering acts consisted of "mail fraud in violation of 18 U.S.C. § 1341" and money laundering "in violation of 18 U.S.C. § 1957." J. App'x at 110. With respect to mail fraud, we have long held that allegations of fraud "must be made with the particularity required by Federal Rule of Civil Procedure 9(b)." *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992). This heightened pleading standard requires a plaintiff to "state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993). Farag has not done so here. The complaint states in a conclusory fashion that Defendants committed mail fraud by filing "erroneous or false 10-5 violation[] [notices] against" Farag and other dismissed drivers. J. App'x at 98–99. Completely absent from the complaint, however, are allegations as to *what* "the contents" of the notices were, "*where* and *when*" the notices were filed, and "*why*" the notices "were fraudulent." *Mills*, 12 F.3d at 1176 (emphasis added). Although Farag alleges elsewhere in the complaint that he was "wrongfully terminated" along with other XYZ drivers and was subsequently compelled by Defendants to sell his XYZ shares at a "diluted and depressed value," J. App'x at 99, 102, nowhere in the complaint does he explain how he was

4

deceived or defrauded by Defendants' alleged conduct. Because the complaint has failed to "identify [any] fraudulent communications" or "provide [any] detailed description of any underlying scheme," we agree with the district court that Farag has not plausibly stated any instance of mail fraud underlying his RICO claim. Sp. App'x at 13.

Farag's allegation of money laundering fares no better. The complaint asserts that Defendants violated the federal money-laundering statute by conducting "monetary transactions in fraud to criminally deprive" the dismissed drivers of their equity interests in XYZ. J. App'x at 110. But other than this "legal conclusion[] masquerading" as a factual allegation, the complaint is "devoid of *any* specific facts or circumstances supporting [Farag's] assertion" of money laundering. *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (citations omitted). In light of the complaint's barebones and conclusory allegations of mail fraud and money laundering, we affirm the district court's dismissal of Farag's RICO claim.

The district court also properly dismissed Farag's state-law claims. In a "counseled" case, "a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been

5

abandoned." *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014).   In keeping

with this principle, we have routinely affirmed the district court's dismissal of a

plaintiff's claims when the plaintiff "did not discuss them in his opposition to [the

defendant]'s motion to dismiss."   *Gross v. Rell*, 585 F.3d 72, 94 (2d Cir. 2009); *see*

*also, e.g., Elliot-Leach v. N.Y.C. Dep't of Educ.*, 710 F. App'x 449, 450 n.1 (2d Cir. 2017).

Here, Farag's opposition to Defendants' motion to dismiss only addressed the

standing and scope-of-authority issues as to some of his state-law claims.   In

response to Defendants' argument that the complaint failed to plausibly state the

elements of each of the state-law claims, Farag offered merely the conclusory

assertion that the complaint had "stated a claim for each and every cause of

action."   J. App'x at 485.   Further, Farag "explicitly abandoned" his state-law

claims, *Conboy v. AT & T Corp.*, 241 F.3d 242, 250 (2d Cir. 2001), stating that he was

"not seeking damages for any claims *beyond the RICO cause of action*," J. App'x

at 485 (emphasis added). [2]   Given this concession and Farag's failure to

meaningfully discuss his state-law claims in his opposition to Defendants' motion,

---

[2] Farag further explained that "the state[-]law claims were filed in conjunction with the [RICO] claim[] for the purpose of establishing a pattern of wrongful conduct," suggesting his apparent belief that the state-law claims might serve as valid racketeering predicates.   J. App'x at 486. Farag was mistaken, since none of the state-law claims alleged in the complaint are listed as a predicate "racketeering activity" under RICO.   18 U.S.C. § 1961(1).

we cannot say that the district court erred in dismissing Farag's state-law claims for abandonment.

Finally, the district court did not abuse its discretion by dismissing the RICO and state-law claims with prejudice. Although courts are generally "free[]" to "give leave" to amend pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), we have found no abuse of discretion where – as here – a district court denied a request for leave to amend made conclusorily in an opposition brief "without specifying what additional factual allegations it would include if leave were granted." *WC Cap. Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013). In this case, Farag never made a formal motion to amend, and when the district court offered Farag the opportunity to amend his complaint during the pre-motion conference and at oral argument for the motion to dismiss, Farag repeatedly declined, *see, e.g.*, J. App'x at 31–32, 38–41, 596–97. Farag offers no explanation as to how "an amended complaint would cure the deficiencies" identified by the district court, *WC Cap. Mgmt.*, 711 F.3d at 334, nor did he ever "advise[] the [d]istrict [c]ourt of any proposed revisions" to the operative complaint, *Cruz*, 720 F.3d at 126. Under these circumstances, we conclude that

the district court did not abuse its discretion by dismissing Farag's RICO and state-law claims with prejudice.

We have considered Farag's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court