Lahtinen, J.
Appeal from a judgment of the Supreme Court (Sheridan, J.), entered July 2, 2002 in Albany County, which, inter alia, dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent Public Service Commission finding that respondents Queens Public Communications Corporation and Manhattan Community Access Corporation were in compliance with 9 NYCRR 595.4 (c) (10).
Cable television operators are generally required, as part of the franchise granted by municipalities, to provide a public access channel on their systems (see 47 USC § 531 [a]; Public Service Law § 215 [2] [b]; see generally Goldberg v Cablevision Sys. Corp., 193 F Supp 2d 588, 590 [2002]). Respondent Public Service Commission (hereinafter PSC) regulates the cable television industry in New York (see Public Service Law § 211) and has promulgated rules pertaining to public access channels (see 9 NYCRR 595.4). Petitioner Association of Cable Access Producers (hereinafter ACAP), a public access user and advocate, requested from respondents Queens Public Communications Corporation (hereinafter QPTV) and Manhattan Community Access Corporation (hereinafter MCAC), administrators of public access channels in Queens and New York Counties, their “records of use,” which are required to be retained under 9 NYCRR 595.4 (c) (10). Unsatisfied with the information provided, ACAP petitioned the PSC for a declaratory ruling that 9 NYCRR 595.4 (c) (10) requires administrators of public access channels to maintain log books containing the names and addresses of all persons requesting use of public access channels, the date and time of each request, the name of the program associated with each request, the channels and times requested for each use and, if use was permitted, the date and time of actual use. In two separate rulings, the PSC declared that a program guide setting forth the date and time of each program, coupled with a list of the names and addresses of all persons using or requesting the use of public access channels, was sufficient to comply with the regulation. The information provided or offered to ACAP by QPTV and MCAC was determined by the PSC to comply with its interpretation of the regulation.
ACAP and its officers commenced this CPLR article 78 proceeding in Albany County challenging the PSC’s interpreta *763 tion of the relevant regulation. Thereafter, petitioners filed an amended petition adding two causes of action against QPTV alleging violations of the Freedom of Information Law (see Public Officers Law art 6) and the Open Meetings Law (see Public Officers Law art 7) after learning that QPTV had denied their Freedom of Information Law request for certain information upon the ground that QPTV is not a governmental agency. QPTV sought severance and a change of venue to Queens County regarding the newly added second and third causes of action. Supreme Court upheld the PSC’s determinations and, thus, dismissed the first cause of action. QPTV’s application for a change of venue was granted as to the second and third causes of action. Petitioners appeal.
Petitioners initially contend that the PSC erred in determining that the relevant regulation does not mandate administrators of public access channels to keep log books setting forth the date and time of each request for use. “[T]he interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable” (Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 548-549 [1997]; see Matter of Council of City of N.Y. v Public Serv. Commn. of State of N.Y., 99 NY2d 64, 74 [2002]; Matter of Medina v Building Maintenance Serv., 302 AD2d 774, 776 [2003]). The regulation in dispute, 9 NYCRR 595.4 (c) (10), provides: “The entity responsible for the administration of a public access channel shall maintain a record of the use of such channel which shall include the names and addresses of all persons using or requesting the use of any such channel and which record shall be available for public inspection for a minimum of two years.” The PSC’s interpretation of what constitutes a sufficient record of use results in a requirement that a public access channel administrator keep program guides disclosing channel usage and maintain a list of the names and addresses of those who use or request air time. This interpretation is consistent with the plain language of the regulation and cannot be characterized as irrational or unreasonable. Nothing in the regulation directs administrators to record the date and time of each request.
We find unpersuasive petitioners’ argument that the requirement in 9 NYCRR 595.4 (c) (4) that access be provided on a “first-come, first-served” basis can be enforced only if 9 NYCRR 595.4 (c) (10) is construed as requiring a detailed daily log. There is no indication that 9 NYCRR 595.4 (c) (10) was intended as an enforcement mechanism for 9 NYCRR 595.4 (c) (4). The *764 PSC, as the agency charged with enforcing the rules regarding public access channels, has a procedure in place for complaints (see 9 NYCRR 595.4 [f] [2]) and is clothed with adequate investigatory powers to ensure compliance with the pertinent rules (see Public Service Law § 216). Moreover, the history of 9 NYCRR 595.4 (c) (10) does not support petitioners’ position since it is not disputed that the regulation was characterized, at the time it was proposed, as requiring only “minimum” or “minor recordkeeping” (NY Reg, Feb. 24, 1988, at 12).
Next, we address petitioners’ contention that Supreme Court abused its discretion in granting QPTV’s motion to change venue with respect to the second and third causes of action. A trial court is afforded considerable discretion in addressing venue motions and its decision generally will not be disrupted in the absence of an abuse of discretion (see Frank v Martuge, 285 AD2d 938, 940 [2001]). The first cause of action, which has now been dismissed, provided the basis for bringing this proceeding in Albany County. The second and third causes of action involve ACAP and QPTV. Both entities have their principal places of business in Queens and the president and treasurer of ACAP (an unincorporated association) reside in Queens. Witnesses material to QPTV’s defense of the Freedom of Information Law and Open Meetings Law claims reside in Queens, are volunteers within its not-for-profit corporation, and would have to travel approximately 150 miles each way to testify. Under all the circumstances presented, we find no abuse of discretion in Supreme Court’s determination to change venue (see Ithaca Peripherals v Sequoia Pac. Sys. Corps., 141 AD2d 909, 910 [1988]; James McKinney & Son v Lake Placid 1980 Olympic Games, 84 AD2d 635 [1981]).
Petitioners’ remaining arguments have been considered and found either unpreserved or unpersuasive.
Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.