**Terry MORRONE, Plaintiff,**

v.

**CSC HOLDINGS CORPORATION, Town of Huntington, and the Public Service Commission of the State of New York, Defendants.**

No. 05–CV–898 (ADS)(ARL).

United States District Court,
E.D. New York.

Dec. 21, 2005.

Terry Morrone, Greenlawn, NY, Pro se Plaintiff.

Rivkin Radler LLP by William M. Savino, Stephen J. Smirti, Jr., Jason Brian Gurdus, of Counsel, Uniondale, NY, for Defendant CSC Holdings Corp.

Thelma N. Neira, Huntington, NY, for the Town of Huntington.

Dawn Jablonski Ryman by Jonathon D. Feinberg, Solicitor, and Sean Mullany, Assistant Counsel, of Counsel, Albany, NY, General Counsel to Public Service Commission of State of New York.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Terry Morrone ("Morrone" or the "Plaintiff") commenced this action by filing a complaint and an order to show cause seeking a temporary restraining order, preliminary injunction, and an order enjoining the defendant Cablevision Systems Corporation ("Cablevision") from administering a new system to allocate channel time for public access television. On April 4, 2005, after hearing argument on the request for a preliminary injunction, the Court denied the Plaintiff's request for preliminary relief and stayed the action due to a pending administrative action before the Public Service Commission of the State of New York ("PSC") requesting similar relief. *See Morrone v. CSC Holdings Corp.*, 363 F.Supp.2d 552, 554 (E.D.N.Y.2005). The background of this

case is set forth in that decision and familiarity with that decision is assumed.

## I. BACKGROUND

For purposes of this motion, the Court will briefly summarize the procedural history and the allegations in the complaint. The Plaintiff, who is an amateur producer of public access television programs, claims that Cablevision's new system of allocating public access time slots violates the Cable Communications Policy Act ("Cable Act"), 47 U.S.C. § 521–73, and state laws and regulations relating to cable television, see N.Y. Pub. Serv. Law, Art. 11 and N.Y. Comp.Codes R. & Regs. tit 9 § 595.4. According to the complaint and the documents attached to it, the new process for allocating time slots requires the public to apply for time-slots by mail, whereas the previous system required the public to wait in line outside Cablevision's offices to apply. Under the new system, all applications that are mailed on a particular date are then placed in random order by a computer program. This process has been labeled by both parties at times as a computer "Lottery" system. The Plaintiff claims that this system does not meet the "first-come, first-serve, non-discriminatory" requirement of the Cable Act and state laws and regulations relating to cable television.

The PSC is responsible for regulating the cable television industry in New York State and promulgates minimum standards that are incorporated by law into every cable operator's franchise agreement. See N.Y. Pub. Serv. Law § 211–16; Goldberg v. Cablevision Systems Corp., 261 F.3d 318, 320 (2d Cir.2001). Those standards include "provisions regarding access to, and facilities to make use of, channels for ... public service programs." N.Y. Pub. Serv. L. § 215(2)(b); Goldberg, 261 F.3d at 320. State regulations provide that New York cable operators with a capacity of 21 or more channels must designate at least one full-time channel for public access and at least one full-time channel for educational and governmental use. See N.Y.Code R. & Regs. tit. 9 § 595.4(b)(1). The regulations define "public access channel" as a "channel designated for noncommercial use by the public on a first-come, first-served, nondiscriminatory basis." Id. § 595.4(a)(1).

The regulations provide for individuals to seek a hearing and a ruling from the PSC concerning the applicability and implementation of the regulations. See id. §§ 595.4(f), 590.1–.22. Subsequent to the filing of this case, another public access television producer and the Town of Brookhaven challenged the implementation of Cablevision's new procedures for administering public access channels by petitioning the PSC for a ruling. The Plaintiff, as well as other amateur producers, submitted comments to the PSC arguing that the new procedures did not comply with the regulations. On July 20, 2005, in a ten page decision, the PSC found that, on their face, Cablevision's procedures comply with the "first-come, first-served, nondiscriminatory" requirement under New York State regulations. Petitions Regarding the Procedure of Cablevision for Administering Public Access, Case No. 05–v–0310, 2005 WL 1712325, slip op. at 9 (Pub. Serv. Comm'n July 20, 2005).

Presently before the court is a motion by the PSC, pursuant to Federal Rule Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the complaint against it, and motions by the Plaintiff requesting that the Court lift the stay and permit the filing of an amended complaint. The PSC argues that the complaint should be dismissed on the ground that the Court lacks subject matter jurisdiction under the Eleventh Amendment and that the complaint fails to

state a claim under the Cable Act. Morrone seeks leave to file an amended complaint to show that the allocation of the time-slots is discriminatory.

## II.  DISCUSSION

### A.  The Eleventh Amendment

■ The Eleventh Amendment bars "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000) (citing *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 669–70, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999)). Therefore, a motion to dismiss on the ground of state immunity is a jurisdictional matter properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

When considering a motion for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir.1976). Under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992).

■ The Eleventh Amendment provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although [the instant case] concern[s][a] suit[ ] brought by [a] citizen[ ] against his own State, the Supreme Court has long understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition ... which it confirms ..., that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72–73, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000) (citations and quotations omitted); *see also College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 669–70, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890). A State is thus immune from suits in federal court brought by its own citizens, and such immunity extends to officers acting on behalf of the State. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–47, 113 S.Ct. 684, 687–70, 121 L.Ed.2d 605 (1993).

■ However, a well-established doctrine known as "Ex parte Young" allows a plaintiff to circumvent the Eleventh Amendment and to file suit against a state official in his or her official capacity seeking prospective equitable relief. *See Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *MCI Telecommunications Corp. v. Illinois Bell Telephone Co.*, 222 F.3d 323 (7th Cir.2000). To determine whether the doctrine of Ex parte Young applies, a federal court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Com'n of*

*Maryland,* 535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 296, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997)).

■ In *Verizon,* the Supreme Court found that the doctrine of *Ex Parte Young* permitted a lawsuit under the Telecommunications Act of 1996 against the Public Service Commission of Maryland. The Supreme Court found that the "straightforward inquiry" was satisfied because Verizon sought injunctive relief to restrain the state from enforcing an order in contravention of controlling federal law. *Id.* at 645, 122 S.Ct. 1753, 535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2d 871.

Here, reading the *pro se* complaint liberally, it appears the Plaintiff alleges that Cablevision's new procedures contravene federal law and seek to enjoin the PSC from approving the system. The Court finds that the allegations satisfy the "straightforward inquiry" of prospective equitable relief that is required for this Court to exercise jurisdiction. Accordingly, the Court has subject matter jurisdiction over this controversy and denies the PSC's motion to dismiss for lack of subject matter jurisdiction.

## B. Motion to Dismiss the Claims under the Cable Act

■ A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claim-

ant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

In ruling on a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all the factual allegations and construe the complaint liberally. *Scutti Enterprises v. Park Place Entertainment Corp.,* 322 F.3d 211, 214 (2d Cir.2003); *Bolt Elec. v. City of New York,* 53 F.3d 465, 469 (2d Cir.1995); *see also Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). The court must also draw all reasonable inferences in the plaintiff's favor, but need not accept "mere conclusions of law or unwarranted deductions." *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir. 1994). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan,* 235 F.3d 80, 83 (2d Cir.2000).

The Cable Act mandates that franchising authorities, such as the PSC, require cable system operators to provide public, educational, and governmental ("PEG") channel capacity on their systems. See 47 U.S.C. §§ 531(a); *Denver Area Educ. Telecomms. Consortium, Inc. v. FCC,* 518 U.S. 727, 734, 116 S.Ct. 2374, 135 L.Ed.2d 888 (1996) (noting that local governments require cable system operators to set aside channels for PEG use in exchange for "permission to install cables under city streets and to use public rights-of-way"). "PEG channel capacity" is commonly referred to as "Public Access" television programming. Although federal law requires that public access channels are provided, the states are charged with establishing the rules for "access to, and facilities to make use of, channels for ... public ser-

vice programs." N.Y. Pub. Serv. L. § 215(2)(b); *Goldberg*, 261 F.3d at 320.

The "first-come, first-serve, non-discriminatory" requirement that the Plaintiff claims Cablevision's new time-slot allocation system violates, is entirely a state-law regulation. *See* N.Y.Code R. & Regs. tit. 9 § 595.4(a)(1). Neither the Cable Act nor any other Federal law requires public access to be assigned in such a manner. Under federal law, a cable corporation that provides channels for public access is prohibited from exercising any editorial control, except with regard to obscenity. *See Glendora v. Cablevision Systems Corp.*, 45 F.3d 36, 38 (2d Cir.1995). The Second Circuit has interpreted the prohibition against editorial control set forth in 47 U.S.C. § 531(e) to mean that cable operators are precluded "from attempting to determine the content of programming that is within the PEG categories." *Time Warner Cable v. Bloomberg, L.P.*, 118 F.3d 917, 928 (2d Cir.1997).

The complaint does not allege how the PSC has violated federal law or the Cable Act by permitting the new time-slot allocation system. Indeed, the complaint contains very few references to the PSC. The complaint states only, with regard to the PSC, that it should not permit the new system because it is not "compatible" with state regulations. This is insufficient to state a claim under the Cable Act or federal law. The Cable Act, in conjunction with state law, vests the authority to implement and interpret state cable communication regulations with the PSC. N.Y. Pub. Serv. L. § 215(2)(b); *Goldberg*, 261 F.3d at 320. "The PSC, as the agency charged with enforcing the rules regarding public access channels, has a procedure in place for complaints (see 9 NYCRR 595.4[f][2] ) and is clothed with adequate investigatory powers to ensure compliance with the pertinent rules (see Public Service Law § 216)." *Ass'n of Cable Access Producers v. Public Serv. Com'n of State of New York*, 1 A.D.3d 761, 763–64, 767 N.Y.S.2d 166 (3d Dep't 2003).

The interpretation the PSC gives to its own regulations "is entitled to deference if that interpretation is not irrational or unreasonable." *See id.* at 763, 767 N.Y.S.2d 166. A review of that decision by this Court is improper at this time because the Plaintiff was not a formal party to the state agency decision and such relief is not requested in the complaint. In view of the complaint's failure to state a claim against the PSC, the Court need not consider whether it could properly exercise supplemental jurisdiction over a state law claim seeking a review of the PSC's decision. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 174, 118 S.Ct. 523, 534, 139 L.Ed.2d 525 (1997).

Accordingly, because the complaint fails to include sufficient allegations with regard to the PSC, "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000). Therefore, the Court grants the PSC's motion to dismiss the complaint.

**C. Leave to Amend**

Morrone requests leave to file an amended complaint. Both the PSC and Cablevision oppose this request, and the PSC requests an opportunity to brief the issue. It is the usual practice upon granting a motion to dismiss to allow leave to replead. *See, e.g., Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir.1990); *Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir.1987); *Pross v. Katz*, 784 F.2d 455, 459–60 (2d Cir.1986). Courts have the power to dismiss without leave to amend or replead in "extraordinary circumstances, such as where ... the substance of the claim pleaded is frivolous on its face...." *Sala-*

*huddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (citing *Moorish Science Temple of Am., Inc. v. Smith,* 693 F.2d 987, 990 (2d Cir.1982)). In addition, leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should only be denied because of undue delay, bad faith, futility, or prejudice to the nonmoving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court. *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995).

■ Here, leave to file an amended complaint is in the interests of justice. There have been numerous factual developments since the complaint and request for a preliminary injunction were filed. At the time the complaint was filed, Cablevision had not yet implemented its new system of allocating public access channel time. Also, the PSC had not held a hearing or decided whether the system complies with New York State regulations. The fact that the system has now been implemented and the PSC has ruled on the its legality may have a bearing on the Plaintiff's claims. As such, amending the complaint would not be futile, cause undue delay, or prejudice the defendants in this action. Indeed, the inclusion of factual assertions and legally cognizable claims in an amended complaint may assist in a resolution of this case.

However, the Plaintiff is warned about filing a frivolous amended complaint. The Court notes with approval Judge Leisure's thoughtful comments in *Spier v. Erber,* No. 89 Civ. 1657, 1990 WL 71502, at *10, n. 8 (S.D.N.Y. May 24, 1990).

It has become an all too common practice for litigants granted leave to replead to make only minor changes in the original complaint based on an overly restrictive reading of the dismissing court's order, prompting a second motion to dismiss. An amended complaint which fails to replead with sufficient particularity after a finding of lack of specificity may well be regarded by the Court as a frivolous filing in violation of Fed. R.Civ.P. 11. Conversely, a renewed Rule 9(b) motion after an adequate and thorough repleading can also be viewed as frivolous.

*Id.*

## D. Lifting of the Stay

■ On April 4, 2005, the Court stayed the action due to the pending petition before the PSC regarding whether Cablevision's time-allocation system is consistent with New York State regulations. In light of the PSC's decision in that matter, the Court lifts the stay and orders the parties to proceed with discovery. The Court declines to consider Cablevision's request, which was improperly raised in a letter motion, to dismiss the action with prejudice based solely upon the PSC's July 20, 2005 administrative decision.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the PSC's motion, pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss the complaint based upon the Eleventh Amendment is **DENIED**; and it is further

**ORDERED**, that the PSC's motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint for failure to state a claim is **GRANTED**, without prejudice, and the Plaintiff is permitted to amend his complaint in order to remedy the pleading deficiencies discussed in this decision, provided that he files and serves an amended complaint within 20 days of the date of this Memorandum and Order. If the plaintiff fails to submit an amended complaint within 20 days of the date of this order, the

complaint shall be dismissed against the PSC with prejudice; and it is further

**ORDERED,** that the Plaintiff is permitted to file an amended complaint as to all the remaining defendants within 20 days from the date of this order; and it is further

**ORDERED,** that the stay of this action is vacated and the parties are directed to contact United States Magistrate Arlene R. Lindsay forthwith to set an expedited schedule for the completion of discovery; and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the caption as follows:

**SO ORDERED.**