13-3816 (L)
Seck v. Office of Court Administration

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand fourteen.

PRESENT:
　　　　　ROBERT A. KATZMANN,
　　　　　　　　*Chief Judge,*
　　　　　PETER W. HALL,
　　　　　SUSAN L. CARNEY,
　　　　　　　　*Circuit Judges.*

_____

Hamadou T. Seck, Douga Ba,

　　　　　*Plaintiffs-Appellants*,

　　　v.　　　　　　　　　　　　　　　　　　　　13-3816 (L),
　　　　　　　　　　　　　　　　　　　　　　　　13-3976 (Con)

Office of Court Administration, DC 37 Local 1070,

　　　　　*Defendants-Appellees*,

_____

FOR PLAINTIFFS-APPELLANTS**:**　　　Hamadou T. Seck, pro se, New York, NY
　　　　　　　　　　　　　　　　　　　Douga Ba, pro se, Bronx, NY

FOR DEFENDANTS-APPELLEES**:**　　　Lee Alan Adlerstein, Esq., and Pedro Angel
　　　　　　　　　　　　　　　　　　　Morales, Jr., Esq., New York State Office of Court
　　　　　　　　　　　　　　　　　　　Administration, New York, NY

　　　　　　　　　　　　　　　　　　　Steven Edward Sykes, Esq., District Council 37,
　　　　　　　　　　　　　　　　　　　AFSCME, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Hamadou Seck and Douga Ba, proceeding pro se, appeal from the district court's 2013 grant of summary judgment to the New York State Office of Court Administration ("OCA") and 2011 dismissal of appellants' claims against District Council 37 Local 1070 ("DC 37"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Seck and Ba have waived review of the district court's 2011 dismissal of their claims against DC 37 by failing to object to the magistrate judge's report and recommendation ("R&R") after being given clear notice of the consequences of their failure to do so. *See United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) (holding that the failure to timely object to a magistrate judge's R&R "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object"); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (holding that notice is sufficient if it informs the litigants that the failure to timely object will result in waiver of further judicial review and it cites pertinent authority). While we may excuse this default in the interests of justice, *see Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993), the interests of justice do not warrant excusing appellants' failure here, since the district court properly found their claims to be meritless. Accordingly, we affirm the court's dismissal of appellants' claims against DC 37. *See In re OCA Interpreters Litig.*, No. 10-cv-07356, Dkt. No. 16 (S.D.N.Y. Sept. 26, 2011), *adopting* Dkt. No. 12 (S.D.N.Y. Aug. 5, 2011) (report and recommendation).

We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

An independent review of the record and relevant case law reveals that the district court properly granted OCA's motion for summary judgment based on Seck and Ba's valid waiver of claims in the settlement agreement. We affirm the 2013 grant of summary judgment substantially for the reasons thoroughly set forth by the magistrate judge and adopted by the district court in its order. *See In re OCA Interpreters Litig.*, 2013 WL 5312506 (S.D.N.Y. Sept. 10, 2013), *adopting* 2013 WL 3733382 (S.D.N.Y. July 16, 2013) (report and recommendation). We decline to consider Seck's claim, raised for the first time on appeal, that his signature on the agreement was forged. *See Greene v. United States*, 13 F.3d 577, 585–86 (2d Cir. 1994).

We have considered Seck and Ba's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3