Sarah BÁEZ, Plaintiff–Appellant,

v.

The State of NEW YORK, New York State Office of Temporary and Disability Assistance, Defendants–Appellees.

No. 14–3984.

United States Court of Appeals, Second Circuit.

Nov. 2, 2015.

Sarah Báez, pro se, New York, NY, for Plaintiff–Appellant.

Judith Vale, Assistant Solicitor, General (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, Andrew W. Amend, Assistant Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Defendants–Appellees.

PRESENT: ROBERT A. KATZMANN, Chief Judge, ROSEMARY S. POOLER and DENNY CHIN, Circuit Judges.

**118**

### SUMMARY ORDER

Appellant Sarah Báez, proceeding *pro se,* appeals the district court's dismissal of her employment discrimination and retaliation claims against the State of New York and her former employer, the New York State Office of Temporary and Disability Assistance ("OTDA"), under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth." *Id.* at 678–79, 129 S.Ct. 1937. In the Title VII context, "at the initial stage of the litigation ... the plaintiff does not need substantial evidence of discriminatory intent,"

and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York,* 795 F.3d 297, 311 (2d Cir.2015); *see also Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 87 (2d Cir.2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.").

■ Upon review, we conclude that the district court correctly ruled that sovereign immunity barred Báez's ADA and NYSHRL claims. Congress has not abrogated the states' sovereign immunity from suit under Title I of the ADA. *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 360, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). In addition, New York State has not consented to be sued in federal court under the NYSHRL. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99 n. 9, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Lambert v. N.Y. State Office of Mental Health,* No. 97–cv–1347, 2000 WL 574193, at *7 (E.D.N.Y. Apr. 24, 2000), *aff'd,* 22 Fed.Appx. 71 (2d Cir.2001). Accordingly, the district court properly dismissed these claims.

■ The district court also correctly concluded that most of the allegations supporting Báez's Title VII discrimination claim were untimely, and that her timely allegations failed to give rise to a plausible inference of discrimination on the basis of national origin. Báez alleged no facts that directly evidenced discriminatory animus against individuals of Puerto Rican or Hispanic descent, and although she claimed that she was passed over for promotions in favor of less-qualified candidates, by her own account, five of the six promoted were

of Puerto Rican descent. Those pro-motions weigh heavily against an inference of discrimination, and nothing else in Báez's allegations is to the contrary.

Báez's Title VII retaliation claim fares no better. Báez relies on the temporal proximity between her engagement in protected activities—specifically, the lawsuits she filed in 1992 and 2009—and the occurrence of adverse employment actions to establish the requisite causal nexus. However, the alleged adverse employment actions consist of a gradual course of conduct extending from approximately 2000 to early 2013. The district court correctly held that the gap between her 1992 lawsuit and the earliest alleged incident was too long to raise an inference of retaliation. See Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Similarly, the fact that the alleged retaliatory course of conduct began long before she filed her 2009 lawsuit undercuts any inference of a causal connection between the two. See Slattery v. Swiss Reins. Am. Corp., 248 F.3d 87, 95 (2d Cir.2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.").[1]

We have considered all of Báez's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

---

1. The district court dismissed Báez's claims relating to the post–2009 adverse employment actions on the ground that she failed to allege that such actions were the result of a formal policy. However, "[i]t is well settled that we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." Olsen v. Pratt & Whitney Aircraft, 136 F.3d 273, 275 (2d Cir.1998) (internal quotation marks omitted).