ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
Plaintiff Pennette Green ("Plaintiff") brings this action asserting a claim under Title VII of the Civil Rights Act of 1964, § 701 et seq. , as amended, 42 U.S.C. 2000e et seq. ("Title VII"), alleging that defendant Niagara Frontier Transportation Authority ("Defendant") discriminated against her on the basis of race. (Dkt. 1 at ¶¶ 30-34). Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] (Dkt. 4). For the reasons set forth below, Defendant's motion is denied.
BACKGROUND
The following facts are taken from the Complaint. As required on a motion to dismiss, the Court treats Plaintiff's factual allegations as true.
Plaintiff began working for Defendant as an administrative assistant in 2015. (Dkt. 1 at ¶ 14). She applied for and was denied the position of senior administrative assistant and was not given the chance to apply for the position of human resources manager. (Id. at ¶ 15). She alleges that she was qualified for both of these positions, and that Caucasian individuals who did not previously work for the company as well as employees with less experience than her were selected for these positions. (Id. at ¶¶ 15-16). Plaintiff also claims that she was denied salary increases given to similarly situated Caucasian employees, that she is paid less than Caucasian employees in her position who have less experience than her, and that she was asked to perform hundreds of hours of additional work outside of her job description for which she received no extra pay. (Id. at ¶¶ 17, 21-22, 27).
Plaintiff alleges that she filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on July 27, 2017. (Id. at ¶ 7). On February 2, 2018, Plaintiff requested the matter be withdrawn from the EEOC so it could be pursued in federal court. (Id. at ¶ 9; Dkt. 9-1 at 2). EEOC issued a notice of right to sue to Plaintiff dated February 22, 2018. (Dkt. 9-1 at 6-7). Plaintiff commenced this action on May 22, 2018. (Dkt. 1). Defendant filed the instant *272 motion to dismiss on July 24, 2018 (Dkt. 4), and on September 7, 2018, Plaintiff filed a response to the motion (Dkt. 9). Defendant replied in support of the motion to dismiss on September 14, 2018 (Dkt. 10), and Plaintiff was granted permission to file a sur-reply by the Court (Dkt. 13), which she filed on October 11, 2018 (Dkt. 14).
Defendant asserts that Plaintiff's state law claim and claim regarding a hostile work environment should be dismissed, and that all claims are barred by sovereign immunity.[2] (Dkt. 4-4 at 6-9). For the reasons that follow, Defendant's motion is denied.
DISCUSSION
I. Legal Standard
"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]." DiFolco v. MSNBC Cable L.L.C. , 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the [claimant]." Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt. , 843 F.3d 561, 566 (2d Cir. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2279, 198 L.Ed.2d 703 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Turkmen v. Ashcroft , 589 F.3d 542, 546 (2d Cir. 2009) (quoting Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ).
"While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly , 550 U.S. at 555, 127 S.Ct. 1955 (internal quotations and citations omitted). "To state a plausible claim, the [pleading]'s '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " Nielsen v. AECOM Tech. Corp. , 762 F.3d 214, 218 (2d Cir. 2014) (quoting Twombly , 550 U.S. at 555, 127 S.Ct. 1955 ).
As for Defendant's argument based on the Eleventh Amendment, "a motion to dismiss on the ground of state immunity is a jurisdictional matter properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure." Morrone v. CSC Holdings Corp. , 404 F.Supp.2d 450, 453 (E.D.N.Y. 2005). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States , 201 F.3d 110, 113 (2d Cir. 2000).
II. Hostile Work Environment Claim
Defendant argues that Plaintiff has asserted a hostile work environment claim *273 that should be dismissed. (Dkt. 4-4 at 6-8). Plaintiff states she brings a claim for discrimination on the basis of race (Dkt. 1 at ¶¶ 30-34), and she concedes that her Complaint contains no separate cause of action for a hostile work environment (Dkt. 14 at 2).[3] As a result, the Court finds the Complaint, while inartfully drafted, does not intend to assert a claim that Defendant created a hostile work environment and therefore that aspect of Defendant's motion is denied as moot.
III. State Law Claims
Defendant also argues that Plaintiff has asserted state law claims that should be dismissed. (Dkt. 4-4 at 9). Again, Plaintiff concedes that she does not assert any state law claims. (Dkt. 14 at 2). While the Complaint, in the request for relief, does ask for "[a] judgment that the Defendant violated the Plaintiff's rights under New York State Human Rights Law" (Dkt. 1 at ¶ B), Plaintiff's request for relief is just that-a request, and one that Plaintiff admits should not be granted. Accordingly, with no state law claims asserted in the Complaint, Defendant's motion to dismiss any state law claims is denied as moot.
IV. Sovereign Immunity
Defendant asserts that it is entitled to sovereign immunity under the Eleventh Amendment, and that Plaintiff's Title VII claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. 4-4 at 8-9). Defendant's argument is without merit.
Title VII was enacted pursuant to Congress's authority under § 5 of the Fourteenth Amendment. Fitzpatrick v. Bitzer , 427 U.S. 445, 447-48, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). When Congress enacts legislation pursuant to its powers under § 5 of the Fourteenth Amendment, it may "provide for private suits against States or state officials which are constitutionally impermissible in other contexts." Id. at 456, 96 S.Ct. 2666. It is well established that "Congress has abrogated the states' sovereign immunity for claims under Title VII, so the Eleventh Amendment does not bar Plaintiff's claims under that statute." Baez v. New York , 56 F.Supp.3d 456, 464 (S.D.N.Y. 2014), aff'd , 629 Fed. Appx. 116 (2d Cir. 2015) ; see, e.g., Fitzpatrick , 427 U.S. at 456, 96 S.Ct. 2666 (holding an enforcement action under Title VII against a state entity on the basis of sex discrimination was not barred by the Eleventh Amendment); Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin. , 818 F.Supp.2d 712, 722 (S.D.N.Y. 2011), aff'd sub nom. Seck v. Office of Court Admin. , 582 Fed. Appx. 47 (2d Cir. 2014) ("Congress has abrogated sovereign immunity with respect to ... discrimination claims under Title VII.").[4] Consequently, Defendant's arguments with respect to *274 sovereign immunity hold no water, and Plaintiff's Title VII discrimination claim may proceed.
CONCLUSION
For the foregoing reasons, Defendant's motion to dismiss (Dkt. 4) is denied.
SO ORDERED.

Defendant also cites Federal Rule of Civil Procedure 56 in support of its motion, but Defendant wholly failed to make the filings required for such a motion or any legal arguments as to why Defendant is entitled to summary judgment.

Defendant also initially argued that Plaintiff failed to comply with Title VII's requirement that a plaintiff receive a notice of right to sue from the EEOC before commencing an action in federal court. (Dkt. 4-4 at 6); see 42 U.S.C. § 2000e-5(f)(1) ; 29 C.F.R. § 1601.28(a). However, Defendant withdrew this argument after Plaintiff produced a notice of right to sue from the EEOC. (Dkt. 9-1 at 6; Dkt. 10 at 1).

It is understandable how Defendant could have thought otherwise. In the section of the Complaint where Plaintiff outlines her race discrimination claim, she repeatedly references the standard of "severe or pervasive conduct" applicable to a hostile work environment claim. (Dkt. 1 at ¶¶ 31-34). Nonetheless, this was apparently just sloppy draftsmanship as Plaintiff concedes that she is not asserting a hostile work environment claim.

The Supreme Court has held that the Age Discrimination in Employment Act, which was enacted pursuant to Congress's Fourteenth Amendment § 5 authority, did not validly abrogate states' immunity from suit. Kimel v. Fl. Bd. of Regents , 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). However, the Second Circuit has held that "[t]he Supreme Court's holding in Kimel does not address [the plaintiff's] ability to sue [state entities] under Title VII" in cases of race and sex discrimination "because age classifications are not suspect under the Equal Protection Clause." Butler v. N.Y.S. Dep't of Law , 211 F.3d 739, 746 (2d Cir. 2000).