21-3065-cv
Briggs v. SCO Family of Servs.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-three.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges.*

-----------------------------------------------------------------

RENEE BRIGGS,

*Plaintiff-Appellant,*

v.                                                                 No. 21-3065-cv

SCO FAMILY OF SERVICES, MEGAN RYAN, BONNIE ISSAC, ALLISON PACHECO, JESSICA FISHSTEIN, LORI HANNIBAL,

*Defendants-Appellees.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:    RENEE BRIGGS, *pro se*,
Massapequa, NY

FOR DEFENDANT-APPELLEE:    ANA C. SHIELDS (Jaime
Sanchez, *on the brief*), Jackson
Lewis P.C., Melville, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*, Steven I. Locke, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Renee Briggs, proceeding pro se, appeals from a November 19, 2021 judgment of the United States District Court for the Eastern District of New York (Brown, J.) dismissing her claims of disparate treatment, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000 et seq., 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. On July 13, 2022, we permitted Briggs to proceed in forma pauperis to appeal the dismissal of her retaliation claims only and dismissed the rest of her appeal. See ECF No. 51. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The following facts are drawn from Briggs' pro se pleadings in her four

complaints (one original and three amended), which we construe liberally.[1] See Weixel v. Bd. of Educ., 287 F.3d 138, 145–46 (2d Cir. 2002). Briggs, an African-American woman, worked at SCO Family of Services as a Waiver Services Provider from 2011 until her termination in November 2015. In August and September 2015 Briggs' supervisors repeatedly informed her via e-mail that her paperwork was missing information or out of compliance. Briggs was placed in "[r]emediation" from July through September 2015, ostensibly for problems related to her billing-related paperwork. App'x 431.

In September 2015 Megan Ryan, a white "manager," stated in relation to "[Briggs'] cases [being] filed one day late" that "black people are lazy, always complaining not completing work in a timely fashion." App'x 430, 484. On September 14, 2015, Briggs complained to Bonnie Issac, the Waiver Services Director, about Ryan's statement. See App'x 431, 484.

On September 21, 2015, Briggs requested a "leave of absence or step down" in order to care for her mother, who would pass away approximately a week later. App'x 65. Just over a week later, Ryan told Briggs that she was

---

[1] We also rely, as the District Court did, on Briggs' filings in response to Defendants-Appellees' motions to dismiss to the extent they are helpful for understanding her allegations.

suspended "pending an investigation," and that her supervisor had "fail[ed] to notif[y] [her]." App'x 608; see also App'x 65. Ryan said that Briggs had violated "Office of Children Services" rules. App'x 485. Later that day, Allison Pacheco, Briggs' direct supervisor, told Briggs that she was suspended due to issues with her paperwork. App'x 608. On October 26, 2015, Lori Hannibal, SCO's Regional Director, informed Briggs that Hannibal had "received information about [a] violation," and that Briggs was suspended even though "no children were at risk." App'x 486. On November 15, 2015, Briggs' employment was terminated. App'x 431.

In October 2015 Briggs initiated a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), claiming mainly that SCO retaliated against her after she asked to "step[] down" in order to care for her mother. App'x 608. The EEOC dismissed the complaint for lack of reasonable cause. In July 2016 Briggs commenced this action. The District Court allowed Briggs to amend her complaint three times. By the time of Briggs' Third Amended Complaint, the District Court construed her pleadings to allege, among other things, that Defendants-Appellees retaliated against her for requesting a leave of absence, complaining about Ryan's discriminatory remark,

4

and filing an EEOC complaint, in violation of Title VII, 42 U.S.C. § 1981, and state law. Defendants-Appellees moved to dismiss each of Briggs' four complaints, and Magistrate Judge Locke issued a detailed report and recommendation ("R&R") with respect to each motion. The District Court adopted Magistrate Judge Locke's recommendations to dismiss Briggs' first three complaints for failure to state a claim, with leave to amend. On October 20, 2021, Magistrate Judge Locke issued his final R&R with respect to Defendants-Appellees' motion to dismiss Briggs' Third Amended Complaint. He recommended dismissing Briggs' complaint for failure to state a claim, declining to exercise supplemental jurisdiction over her state claims, and denying leave to amend. The District Court adopted his recommendations and entered judgment dismissing the case.

We review de novo dismissals for failure to state a claim. Hernandez v. United States, 939 F.3d 191, 198 (2d Cir. 2019). "Retaliation claims under Title VII and § 1981 are both analyzed pursuant to Title VII principles." Littlejohn v. City of New York, 795 F.3d 297, 315 (2d Cir. 2015). "A prima facie case of retaliation under Title VII requires that the pleading show: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity

and the adverse employment action." Shultz v. Congregation Shearith Israel of City of N.Y., 867 F.3d 298, 309 (2d Cir. 2017) (quotation marks omitted). To overcome a motion to dismiss, "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action," not merely that "retaliation was a 'substantial' or 'motivating' factor in the employer's decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90–91 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We agree with the District Court that Briggs failed to state a plausible retaliation claim under Title VII or 42 U.S.C. § 1981. To begin, Briggs' EEOC complaint could not have served as a basis for retaliation because the EEOC notified SCO of the charge on February 18, 2016, months after Briggs was suspended and terminated. See Shultz, 867 F.3d at 309 ("A prima facie case of retaliation under Title VII requires that the pleading show . . . that the defendant knew of the protected activity.").

Briggs also failed to plausibly allege that a retaliatory motive arising from her internal complaint about Ryan's discriminatory remark was a but-for cause

6

of her suspension or termination. See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013). "[T]he but-for causation standard does not alter the plaintiff's ability to demonstrate causation . . . through temporal proximity," and here Briggs was suspended within three weeks of filing her complaint. Vega, 801 F.3d at 91. But "[w]here," as here, "timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001); see also Elliot-Leach v. N.Y.C. Dep't of Educ., 710 F. App'x 449, 452 (2d Cir. 2017); Baez v. New York, 629 F. App'x 116, 119 (2d Cir. 2015). Even before Briggs filed her internal complaints, Briggs' supervisors repeatedly alerted her to deficiencies in her paperwork and placed her in remediation for three months. And Pacheco later cited deficiencies in Briggs' paperwork as a reason for her suspension. See App'x 608. Under these alleged circumstances, we agree that an inference of retaliation does not arise. See Slattery, 248 F.3d at 95; cf. Iqbal, 556 U.S. at 681 (considering "more likely explanations" for the alleged harm in concluding that the plaintiff failed to state a claim).

Finally, we agree with the District Court that Briggs' request for a leave of

absence was not protected activity under Title VII because Briggs did not "oppose[] any practice" made unlawful by Title VII or "participate[] in any manner in an investigation, proceeding, or hearing" under Title VII when she made the request. 42 U.S.C. § 2000e-3(a); see Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 47–48 (2d Cir. 2012). Nor did her request for a leave of absence constitute protected activity under § 1981, which is "a statutory proscription against racial discrimination." Lauture v. Int'l Bus. Machs. Corp., 216 F.3d 258, 262 (2d Cir. 2000).[2]

We also conclude that the District Court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Briggs' claims under state law in the absence of a valid federal claim. See Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 123 (2d Cir. 2006) ("Plaintiffs' federal-law claims were eliminated on a motion to dismiss, . . . and we can discern no extraordinary inconvenience or inequity occasioned by permitting the [state] claims to be

---

[2] Although Briggs requested a leave of absence to care for her mother, the District Court did not construe Briggs as seeking to assert a retaliation claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. Even assuming Briggs raised such a claim, we conclude that, because she was disciplined for repeated deficiencies in her work even before she requested a leave of absence, she has failed to plausibly allege that her request was a "motivating factor" in her employer's decision to suspend and then terminate her. Woods v. START Treatment & Recovery Ctrs., Inc., 864 F.3d 158, 165–66 (2d Cir. 2017).

8

refiled in state court . . . ."). Nor did the District Court abuse its discretion when it denied Briggs' motion for leave to amend her Third Amended Complaint. "While Federal Rule of Civil Procedure 15(a) states that leave to amend should be granted 'when justice so requires,' motions to amend should generally be denied in instances of . . . repeated failure to cure deficiencies by amendments previously allowed." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008).

We have considered Briggs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court